The facts are stated in the opinion of the court below, by GORDON, P. J., as follows: *Page 264 
This is a petition by the Presbytery of Philadelphia of the Presbyterian Church in the United States of America for the dissolution of The Tabor Presbyterian Church of the City of Philadelphia, a corporation of the first class. From the testimony and pleadings we make the following findings of fact:
 Findings of Fact
1. That The Tabor Presbyterian Church of the City of Philadelphia is a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania for the support of public worship in conformity with the faith and government of the Presbyterian Church in the United States of America, as appears by its charter, duly approved by the Attorney General of the Commonwealth on March 7, 1868, and enrolled in the Office of the Secretary of the Commonwealth on March 23, 1868, in Charter Book No. 8, pages 326 to 331 inclusive.
2. That the location of the registered office of the said The Tabor Presbyterian Church of the City of Philadelphia is at the Southwest corner of 18th and Christian Streets, in the City and County of Philadelphia, Pennsylvania.
3. That by reason of the shifting of population and withdrawal of membership, the said The Tabor Presbyterian Church of the City of Philadelphia has ceased to support public worship within the intent and meaning of its articles, and has been duly dissolved as an ecclesiastical body by the Presbytery of Philadelphia, its superior ecclesiastical judicatory.
4. That the Presbytery of Philadelphia is an unincorporated association of all the ministers and one ruling elder from each congregation or church connected with the Presbyterian Church in the United States of America within the following district in the City of Philadelphia, Commonwealth of Pennsylvania: The City of Philadelphia, South of Erie Avenue and Nicetown Lane, and has ecclesiastical jurisdiction and control of *Page 265 
the said The Tabor Presbyterian Church of the City of Philadelphia under the constitution of the said Presbyterian Church in the United States of America, of which the said The Tabor Presbyterian Church of the City of Philadelphia is a member.
5. That at a stated meeting of the Presbytery of Philadelphia held January 5, 1942, it was duly resolved that formal steps be taken looking toward the dissolution of the said The Tabor Presbyterian Church of the City of Philadelphia; that notice of such intended action be given to the members of said church; and that the meeting of your petitioner be adjourned to February 2, 1942, at 1:30 P. M. in Westminster Hall, Witherspoon Building, Philadelphia, Pennsylvania, to give such members opportunity to appear and be heard, and for final action relative to the dissolution of said church.
6. That the said adjourned meeting of the Presbytery of Philadelphia was held at said time and place and that after a hearing and thorough discussion of the matter, it was duly resolved to refer the matter to a special committee to prepare final recommendations to be considered and acted upon at a further adjourned meeting to be held February 16, 1942, at 1:30 P. M. at the Witherspoon Building, Philadelphia, Pennsylvania.
7. That the said adjourned meeting of the Presbytery of Philadelphia was held on February 16, 1942, at 1:30 P. M. at the Witherspoon Building, Philadelphia, Pennsylvania, and after due consideration of said committee's report, it was resolved that the said The Tabor Presbyterian Church of the City of Philadelphia be and was thereby dissolved for the best interest and welfare of its members and that the Moderator and Stated Clerk of your petitioner be directed and authorized in the name of the Presbytery of Philadelphia to take such action or actions at law or in equity to bring about its legal dissolution and that of any organization or agency thereof.
8. That under the constitution of the Presbyterian Church in the United States of America when a particular *Page 266 
church is dissolved by a Presbytery, said church and congregation become extinct or non-existent as an ecclesiastical body and all membership in such dissolved church is ended, but may be transferred by letters of dismission to some other church.
9. That the said The Tabor Presbyterian Church of the City of Philadelphia has occupied and conducted its work within a Church edifice erected at the Southwest corner of Christian and 18th Streets, Philadelphia, Pennsylvania, held by the Trustees of the General Assembly of the Presbyterian Church in the United States of America, in Trust, for the use of the said The Tabor Presbyterian Church of the City of Philadelphia so long as the said church shall continue in connection with the General Assembly of the Presbyterian Church in the United States of America, under deed dated March 30, 1886, and recorded at Philadelphia, in Deed Book G. G. P. 132-218 on March 31, 1886.
10. That the said The Tabor Presbyterian Church of the City of Philadelphia owns personal property and equipment as set forth in an inventory thereof attached to the petition of the Presbytery of Philadelphia, marked Exhibit "C".
11. That under the Constitution of the Presbyterian Church in the United States of America, Chapter XXVII, section IX, Form of Government, the said The Tabor Presbyterian Church of the City of Philadelphia, having been dissolved and become extinct as aforesaid, "such property as it may have, both real and personal, shall be held, used and applied for such uses, purposes and trusts" as the Presbytery of Philadelphia may direct, limit and appoint.
12. On July 12, 1894, the standing committee on church extension, property and charters of the Presbytery of Philadelphia was incorporated under the Act of Assembly of the Commonwealth of Pennsylvania, approved April 29, 1874, P. L. 73, under the name "The Trustees of the Presbytery of Philadelphia" and its articles *Page 267 
recorded at Philadelphia in Charter Book 20, page 78, etc., pursuant to the decree of the Court of Common Pleas No. 3, as of June Term, 1894, No. 727. Article 2 of the said Charter reads as follows:
"The object of the Corporation is to have and to hold in fee simple or on any less estate lands, tenements and hereditaments and all personal property in trust for the uses and purposes specified by the Presbytery of Philadelphia or by the will of the donors with power to convey the same free and discharged of all trusts where so directed by said Presbytery * * *"
13. The real and personal property of the corporation consists, inter alia, of the items enumerated on the inventory attached to the petition in this case and marked Exhibit "C" thereof, an interest as cestui que trust in church real estate situated at the Southwest corner of 18th and Christian Streets, in the City of Philadelphia, certain cemetery lots in West Laurel Hill Cemetery, Montgomery County, and an endowed hospital bed in the Presbyterian Hospital in the City of Philadelphia.
 Discussion
This church congregation, which does not oppose the dissolution of the corporation, appeared by counsel only for the declared purpose of seeing that the dissolution be effected in a lawful and proper manner, and that the rights of the congregation are properly preserved. This, of course, will be done. Apart from certain personal property, such as bibles, hymn books, pews and other church paraphernalia and equipment enumerated on the inventory marked Exhibit "C" attached to the petition, the assets of the corporation consist of certain burial lots in West Laurel Hill Cemetery, an endowed bed in the Presbyterian Hospital for the benefit of the church membership, and an interest as cestui que trust in the church real estate, the legal title to which is held in trust by the Trustees of the General Assembly of the Presbyterian Church in the United States of America, who are not *Page 268 
parties to this proceeding. All of these assets of the corporation will pass by law on dissolution to The Trustees of the Presbytery of Philadelphia as liquidating trustee. We do not understand it to be our function at this time to adjudicate the exact nature and extent of the church's interest in the various assets passing to the liquidating trustee, especially where, as in the case of the real estate, the trustee titleholder is not before us. All that is now required is to decree the dissolution and the transfer of the church property to the trustees of the Presbytery of Philadelphia.
We, therefore, reach the following Conclusions of Law in the case.
 Conclusions of Law
1. The record discloses no prejudice to the public welfare nor to the interest of members of the respondent corporation that will result from a decree dissolving said corporation.
2. The petitioner, the Presbytery of Philadelphia, has shown cause for and is entitled to a decree dissolving The Tabor Presbyterian Church of the City of Philadelphia, a corporation, under the Non-profit Corporation Law of May 5, 1933, P. L. 289, sec. 1002.
3. By virtue of the Act of June 20, 1935, P. L. 353, all property both real and personal held in the name of the respondent corporation is so held subject to the rules and regulations of the Presbyterian Church in the United States of America.
4. By virtue of such rules and regulations, upon dissolution of the respondent corporation all its property is to be held and used as the petitioner may direct.
5. To carry out the intent and purpose of said statute and rules and regulations, the petitioner is entitled to a decree transferring the property standing in the name of the respondent to the corporation known as "The Trustees of the Presbytery of Philadelphia", authorized to take title to property "in trust for the uses and purposes specified by the Presbytery of Philadelphia", *Page 269 
and existing for that purpose, as liquidating trustee, subject to the liens of the respondent's just and legal debts.
Accordingly, we enter the following Decree Nisi in the case:
 Decree Nisi
AND NOW, to wit, this 17th day of November, 1942, this case having come on to be heard upon petition, answer and proofs, upon consideration thereof it is
 ORDERED, ADJUDGED AND DECREED
1. The Tabor Presbyterian Church of the City of Philadelphia, a corporation of the first class by certificate of incorporation approved by the Attorney General of the Commonwealth of Pennsylvania on March 7, 1868, and enrolled in the Office of the Secretary of the Commonwealth on March 23, 1868, in Charter Book No. 8, pages 326 to 331 inclusive, is hereby dissolved.
2. The Tabor Presbyterian Church of the City of Philadelphia, having been dissolved ecclesiastically and civilly, has no further right to the use of the church premises at the Southwest corner of Christian and 18th Streets, Philadelphia, Pennsylvania, as held by the Trustees of the General Assembly of the Presbyterian Church in the United States of America under deed dated March 30, 1886, and recorded at Philadelphia, in Deed Book G. G. P. No. 132, page 218.
3. All property, real and personal, of the said The Tabor Presbyterian Church of the City of Philadelphia, as found and enumerated in Paragraph 13 of our Findings of Fact, or as may otherwise appear and be discovered, is declared to be the property of the corporation known as "The Trustees of the Presbytery of Philadelphia," as liquidating trustee, any balance after the payment of the just and legal debts of the said The Tabor Presbyterian Church of the City of Philadelphia, to be held by it in trust for the uses and purposes specified by the Presbytery of Philadelphia. *Page 270 
4. The officers and trustees of The Tabor Presbyterian Church of the City of Philadelphia are ordered and directed to deliver possession of all the real and personal property of the said corporation, including all books and records concerning its temporal and spiritual affairs, to The Trustees of the Presbytery of Philadelphia.
5. The Presbytery of Philadelphia reserves the rights of sepulture in the West Laurel Hill Cemetery and the free use of a bed in the Presbyterian Hospital of Philadelphia, belonging to The Tabor Presbyterian Church of the City of Philadelphia, to the members in good standing of the said church at the time of its dissolution.
6. The costs of these proceedings shall be paid by the respondent, The Tabor Presbyterian Church of the City of Philadelphia.
The Prothonotary will enter this Decree Nisi, and give notice thereof to the parties or their counsel, and, unless exceptions thereto are filed within ten days, either party may present a form of Final Decree to be entered in the case.
The Tabor Presbyterian Church of the City of Philadelphia appealed.
The decree is affirmed on the opinion of President Judge GORDON of the court below.
Costs to be paid by appellants. *Page 271